UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RICARDO DARBONNE**            **CASE NO. 2:22-CV-06013**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE VEHICLE & PROPERTY INSURANCE CO**            **MAGISTRATE JUDGE KAY**

MEMORANDUM RULING

Before the court are a Motion to Dismiss [doc. 11] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Consolidate [doc. 13] by defendant Allstate Vehicle & Property Insurance Company. Plaintiff opposes both motions.

I.
BACKGROUND

This suit arises from damage inflicted by Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. Plaintiff Ricardo Darbonne owned a home that was insured by Allstate and alleges that Allstate failed to timely or adequately compensate him for covered storm-related losses. Accordingly, he filed suit against Allstate in this court on December 30, 2020, raising claims of breach of contract and bad faith under Louisiana law. *Darbonne v. Allstate* ("Darbonne I"), No. 2:20-cv-1693, doc. 1 (W.D. La.).

In this suit, originally filed in state court on September 12, 2022, Darbonne alleges that the previous action settled in a mediation on July 26, 2021, but that Allstate failed to properly issue one of the settlement checks or timely rectify its mistake. Doc. 1, att. 2. Specifically, Darbonne contends: Allstate issued two checks, one with Darbonne as payee

and one with Darbonne and his mortgagee as payees. The mortgagee informed him that the latter check was flagged "Return to Maker," necessitating that it be reissued. Darbonne also maintains that Allstate delayed around six weeks from his request before doing so and misrepresented the status of the reissuance to him. Doc. 8, att. 1, pp. 1–2. As a result, a replacement check was not ordered until approximately ten months after the settlement was reached. *Id.* Accordingly, Darbonne raised claims under state law for breach of settlement agreement and bad faith. Doc. 1, att. 2.

Allstate removed the matter ("Darbonne II") to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now moves to consolidate the suit with *Darbonne I* and to dismiss the claims brought in *Darbonne II*, based on the court's denial of a motion for leave to file a "supplemental complaint" and assert those claims in *Darbonne I*. Docs. 11, 13. Darbonne opposes both motions. Doc. 18.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Allstate moves to dismiss this action under the doctrine of *res judicata*, based on the court's denial of plaintiff's motion for leave to file a supplemental complaint raising the same claims in *Darbonne I*. There plaintiff alleged that he had informed Allstate in October 2021 that the check was "not good," after learning of same from a cashiering manager at his mortgagee, Village Capital, LLC. *Darbonne I*, No. 2:20-cv-1693, at doc. 9, att. 2, ¶¶ 11–15. He further alleged that Allstate's counsel represented that the check would be reissued soon but that he had still not received same as of the date the motion was filed, on December 16, 2021. *Id.* In opposition to the motion Allstate showed that it had timely issued a check, which was rejected by plaintiff's counsel, and then investigated and inquired further of plaintiff's counsel when it received word of the rejection. *Id.* at doc. 11; doc. 11, att. 1. The court denied the motion as futile, finding that the proposed supplemental complaint failed to state a claim on which relief could be granted, but noted that plaintiff could file a separate suit if he uncovered "additional facts that he believes give rise to a plausible claim." *Id.* at doc. 12. In *Darbonne II* plaintiff provides additional details

regarding the communications between himself and Allstate, as well as communications from Village Capital on the alleged deficiencies with the check. Doc. 1, att. 2. He further alleges that a valid replacement check was not issued until around May 2022, ten months after the settlement. *Id.*

The additional facts alleged by plaintiff make dismissal on the grounds of *res judicata* inappropriate. However, both parties have attached multiple exhibits to their briefs on the motion to dismiss further detailing their communications around the issues with the settlement check. Accordingly, the court exercises its discretion under Federal Rule of Civil Procedure 12(d) to convert the motion to dismiss into one for summary judgment and reach the merits of the claims.

In his complaint in *Darbonne II* plaintiff alleges that he was informed by Village Capital in October 2021 that a check representing roughly half the settlement proceeds[1] was flagged "Return to Maker" and would need to be reissued. He further asserts that he "timely contacted Allstate, who claimed that a replacement check would be reissued" and that he "repeatedly inquired about the status of this check" until Allstate admitted "[a]pproximately six weeks later . . . that it had never actually ordered a replacement check." Doc. 1, att. 2, ¶¶ 14–19. To its opposition, however, it attaches email exchanges from November 2021 between plaintiff's counsel and defense counsel. There defense counsel represents as follows in an email dated November 12:

> I have a new check on the way, but the check which was issued which is in the mortgage company's possession was NOT cancelled by Allstate. There appears to be an issue on the mortgage side. This issue will likely occur

---

[1] As noted above, the settlement proceeds were issued in two checks: one made payable to plaintiff alone and one made payable to plaintiff and Village Capital. There were no apparent issues with the former check.

> again as I do not know how the mortgage company is saying the check is cancelled when it is in fact not.
> If you can provide me with a letter saying as such, we can look into [it] further but I believe if you can call the mortgage company you may be able to get this resolved over the phone.
> I wanted to relay this information to you as the new check will be the same as previously issued and you may again run into the same issue.
> Please let me know if you can obtain this information or have any further questions.

Doc. 18, att. 2, pp. 1–2. Plaintiff responded by forwarding an email from Village Capital, outlining the "Refer to Maker" issues noted above, on November 30. *Id.*; *see Darbonne I*, No. 2:20-cv-1693, at doc. 11, att. 1. Despite plaintiff's claim that Allstate then cut off communication, plaintiff's exhibits show that Allstate's counsel sent an email on December 1 requesting to schedule a call with plaintiff's counsel and a representative of Village Capital because "[t]he check was not cancelled by Allstate, so we need more information from Village Capital to determine how to resolve this issue." Doc. 18, att. 3. Plaintiff's counsel replied the same day, indicating that plaintiff would be filing suit and seeking bad faith penalties. *Id.* Plaintiff then filed the motion to file a supplemental complaint in *Darbonne I* two weeks later.

The next exchange attached by plaintiff is from April 19–22, 2022, approximately six weeks after the court's denial of his motion for leave to supplement. There plaintiff's counsel informed defense counsel that Village Capital has destroyed the previous check and requests that it be reissued. He also attached a letter from the mortgage company to this effect. Defense counsel requested instructions on precisely how the check should be issued, and plaintiff's counsel replied. Doc. 18, att. 4. According to the complaint in *Darbonne II*, the replacement check was issued approximately ten months after the settlement conference (in May 2022) and deposited without issue. Doc. 1, att. 2, ¶¶ 18–19.

Based on the above allegations and evidence, there is no basis for finding that Allstate underfunded the settlement of this matter or that it arbitrarily or capriciously delayed in fulfilling its obligations. The correspondence shows that Allstate attempted to investigate the mortgage company's issues with the first check and to work with plaintiff in resolving same. Even if, as plaintiff alleges, no replacement check was ordered as stated in November 2021, there is no indication that this failure caused any of the delays—plaintiff's counsel had already cut off efforts to resolve the issue, while Allstate believed the new check would face the same obstacles as the old. Accordingly, the claims in this matter must be dismissed with prejudice and the issues relating to consolidation are now moot.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11], as converted into a motion for summary judgment, will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**. The Motion to Consolidate [doc. 13] will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on the 25th day of January, 2023.

*[signature]*
_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE